UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANDREA PERRINE, an individual, | Case No. 3:19-cv-00248-LRH-CBC |
| Plaintiff, | ORDER |
| v. | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY; and DOES 1-20, DOE COMPANIES 21-40 inclusive, | |
| Defendant. | |

Plaintiff, Andrea Perrine, initiated this action in the Second Judicial District Court for Washoe County, Nevada on March 8, 2019. On May 10, 2019, on the basis of diversity jurisdiction, defendant Liberty Mutual Fire Insurance Company ('defendant") filed a notice of removal to this court (ECF NO. 1[1])˙

After review of the complaint and defendant's petition for removal, the court finds that it requires more evidence to determine whether it has subject matter jurisdiction over this case. While it appears that the parties are of diverse citizenship[2], defendant has not demonstrated that the amount in controversy exceeds $75,000.

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the

---

[1] Refers to the court's docketing number.

[2] Plaintiff is a resident of Nevada and defendant is incorporated under the laws of Wisconsin and has its principal place of business in Massachusetts.

1

United States for any district . . . where such action is pending." 28 U.S.C. § 1441(a). Among other reasons, the district courts of the United States have "original jurisdiction" where there is diversity of citizenship between the parties and the amount in controversy, exclusive of interest and costs, exceeds $75,000. 28 U.S.C. § 1332(a).

"If . . . it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (*citing Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). Moreover, the removal statute is construed restrictively and in favor of remanding a case to state court. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *Gaus*, 980 F.2d at 566.

After a defendant files a petition for removal, the court must determine whether federal jurisdiction exists, even if no objection is made to removal. *See Rains v. Criterion Systems, Inc.*, 80 F.3d 339, 342 (9th Cir. 1996). The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566. Normally this burden is satisfied if the plaintiff claims a sum greater than the jurisdictional requirement. *Id.*

However, if the plaintiff does not claim a sum greater than the jurisdictional requirement, the defendant cannot meet its burden by merely alleging that the amount in controversy is met: "The authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment . . . ." *Id.* (*quoting McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)) (emphasis omitted).

In some cases, it may be "'facially apparent' from the complaint that the jurisdictional amount is in controversy." *See Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997) (delineating the "appropriate procedure for determining the amount in controversy on removal" as described in *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326 (5th Cir. 1995)). However, "[w]hen the amount is not facially apparent from the complaint, the court may consider facts in the removal petition and may require parties to submit summary-judgment-type evidence relevant

to the amount in controversy at the time of removal." *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2006) (internal quotation marks omitted).

Here, in arguing that the amount in controversy requirement has been satisfied, defendant relies solely on the allegations in the complaint. However, the court finds that it is not facially apparent from the complaint that more than $75,000 is in controversy. It may be that medical expenses alone, and other special damages claimed by plaintiff exceed the threshold amount for jurisdiction in this court, however, there has been no showing of such an amount by removing defendant. Accordingly, jurisdiction has not been established.

The court will provide defendant additional time to present "summary-judgment-type evidence" showing by a preponderance of the evidence that this case meets § 1332(a)'s amount in controversy requirement.

IT IS THEREFORE ORDERED that defendant is granted twenty (20) days from the entry of this order to establish the minimum amount in controversy for federal jurisdiction. Plaintiff is granted ten (10) days to file an opposition. No reply is required.

IT IS SO ORDERED.

DATED this 20th day of May, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE