UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANDREA PERRINE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>LIBERTY MUTUAL FIRE INSURANCE COMPANY; and DOES 1-20, DOE COMPANIES 21-40, inclusive,<br><br>Defendants. | Case No. 3:19-cv-00248-LRH-CBC<br><br>ORDER |

Before the court is defendant Liberty Mutual Fire Insurance Company's Response to this Court's Order Regarding the Matter in Controversy Amount in this Litigation. ECF No. 8

Plaintiff, Andrea Perrine, initiated the present action against defendant on March 8, 2019, in the Second Judicial District Court for Washoe County, Nevada. On May 10, 2019, defendant removed this action to federal court on the basis of diversity jurisdiction. ECF No. 1

On May 20, 2019, the court reviewed the removal petition and held that it was not clear from the complaint that the amount in controversy had been met. ECF No. 5 The court granted defendant twenty days to establish the amount in controversy by submitting summary judgment type evidence to the court. *Id.* Thereafter, defendant filed its response to the court's order. ECF No. 8

1

The court has reviewed defendant's response and finds that defendant has established that the amount in controversy has been met.

Where, as here, it is not facially evident from the face of the complaint that the amount in controversy exceeds $75,000, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $[75],000." *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996). Here, defendant contends that the amount in controversy requirement is met given plaintiff's underinsured motorist benefit coverage of up to $100,000 and plaintiff's estimate of a potential jury verdict award at trial between $150,000 and $250,000. *See* ECF No. 8. A plaintiff's statement of damages after the filing of the complaint is relevant evidence establishing the amount in controversy. *See Cohen v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). Although plaintiff's settlement demand of August 2, 2018, erroneously assumed UIM benefits coverage of only $50,000, it appears that the actual UIM coverage available to plaintiff is $100,000 (ECF No. 8, Exhibits 1 and 2). All of this considered, the court finds that Defendant has proffered sufficient evidence establishing an amount in controversy greater than $75,000. Accordingly, the court shall accept defendant's removal of this action and exercise diversity jurisdiction over the complaint.

IT IS SO ORDERED.

DATED this 18th day of June, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE